# Exhibit 1

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT: SEGWAY POWERSPORTS, INC., a Delaware
*(AVISO AL DEMANDADO):* corporation; AMAZON.COM SALES, INC., dba
AMAZON.COM, a Delaware corporation; AMAZON.COM SERVICES, LLC, a
Delaware limited liability company; AMAZON LOGISTICS, INC., a Delaware
Additional Parties Attachment form is attached.
YOU ARE BEING SUED BY PLAINTIFF: MAROUANE LAMHARZI ALAOUI,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* an individual;

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF SAN BERNARDINO |
| **MAY 2 9 2025** |
| BY: Gaspar Ambriz Medina, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California, County of San Bernardino 8303 Haven Avenue Rancho Cucamonga, California 91730-4550 | **CIVRS  25 03739** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Nicholas W. Yoka
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

PANISH SHEA RAVIPUDI LLP
11111 Santa Monica Blvd., Suite 700, Los Angeles, CA 90025         310-477-1700

DATE: **MAY 2 9 2025**    Clerk, by **Gaspar Ambriz Medina**    , Deputy
*(Fecha)*    *(Secretario)* _____    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]    COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited liability company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™

**SUM-200(A)**

| SHORT TITLE: MAROUANE LAMHARZI ALAOUI vs. SEGWAY POWERSPORTS, INC., a Delaware corporation, et al. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

corporation; and DOES 1 through 50, inclusive;

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Westlaw Doc & Form Builder™

13

COPY

PANISH | SHEA | RAVIPUDI LLP
ADAM SHEA, State Bar No. 166800
  shea@panish.law
NICHOLAS W. YOKA, State Bar No. 314906
  nyoka@panish.law
JORDAN PHILLIPS, State Bar No. 351974
  jphillips@panish.law
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

MAY 2 0 2025

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MAROUANE LAMHARZI ALAOUI, an individual;<br><br>    Plaintiff,<br><br>  v.<br><br>SEGWAY POWERSPORTS, INC., a Delaware corporation; AMAZON.COM SALES, INC., dba AMAZON.COM, a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; AMAZON LOGISTICS, INC., a Delaware corporation; and DOES 1 through 50, inclusive;<br><br>    Defendants. | Case No. **CIVRS 2503739**<br><br>**COMPLAINT FOR DAMAGES**<br><br> **1) STRICT PRODUCT LIABILITY**<br><br> **2) NEGLIGENCE – PRODUCT LIABILITY**<br><br> **3) BREACH OF WARRANTIES**<br><br> **4) NEGLIGENCE – FAILURE TO RECALL/RETROFIT**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW plaintiff Marouane Lamharzi Alaoui, an individual, for causes of action against defendants Segway Powersports, Inc., a Delaware corporation; Amazon.com Sales, Inc., dba Amazon.com, a Delaware corporation; Amazon.com Services, LLC, a Delaware limited liability company; Amazon Logistics, Inc., a Delaware corporation; and DOES 1 through 50, inclusive (collectively "defendants"), and each of them, who complains and alleges as follows:

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

14

## GENERAL ALLEGATIONS

1. This case arises from personal injuries suffered by plaintiff Marouane Lamharzi Alaoui on December 24, 2024, in Upland, California. On that date, plaintiff suffered severe personal injuries when a dangerously defective Segway Ninebot Max G30P KickScooter ("Subject Scooter") abruptly malfunctioned, and its folding mechanism unexpectedly collapsed, while plaintiff was operating it in an intended and/or reasonably foreseeable manner (collectively referred to as the "Subject Incident").

2. Defendant Segway Powersports, Inc. (also referred to as "Segway Powersports") and DOES 1 through 25, inclusive, was and is now engaged in the business of researching, manufacturing, fabricating, designing, testing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting, repairing, marketing, warranting, re-branding, manufacturing for others, packaging, and advertising electric scooters and other personal transportation devices, including but not limited to the Subject Scooter involved in the Subject Incident.

3. Defendants Amazon.com Sales, Inc., dba Amazon.com, Amazon.com Services, LLC, and Amazon Logistics, Inc. (collectively referred to as "Amazon defendants") and DOES 26 through 50, inclusive, at all times herein mentioned, was and is a corporation engaged in the business of marketing, distributing, promoting, and selling products, including but not limited to the Subject Scooter, and engaged in such marketing, promoting, distributing and sales business throughout the State of California, and specifically, did routinely, in its regular course and scope of business, market, promote, distribute, and sell such above-referenced products, including the Subject Scooter, to members of the general public and consumers such as plaintiff, and did otherwise place into the stream of commerce, market, distribute, promote, and sell the Subject Scooter to plaintiff Marouane Lamharzi Alaoui.

4. Segway Ninebot Max G30P KickScooters, including the Subject Scooter, have a folding mechanism that can unexpectedly fail and cause the handlebars to fold and collapse while the scooter is being used in its intended and/or reasonably foreseeable manner, posing an extreme fall hazard to users operating the scooter.

2

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

PANISH|SHEA|RAVIPUDI|LLP

5.    The Subject Scooter was manufactured by defendant Segway Powersports and DOES 1 through 25, inclusive, and distributed by defendants Segway Powersports, Amazon defendants, and DOES 1 through 50, inclusive.

6.    In December of 2020, plaintiff Marouane Lamharzi Alaoui purchased the Subject Scooter directly from Amazon defendants on Amazon.com.

7.    At the time of the sale to plaintiff Marouane Lamharzi Alaoui, Amazon defendants listed the seller, defendant Segway Powersports, as a seller of products on Amazon's marketplace.

8.    After plaintiff Marouane Lamharzi Alaoui purchased the Subject Scooter on Amazon.com, the Amazon defendants confirmed the purchased and notified the parties regarding the shipment.

9.    At all times herein relevant, plaintiff Marouane Lamharzi Alaoui used the Subject Scooter in its intended and/or reasonably foreseeable manner.

10.    On December 24, 2024, plaintiff was operating the Subject Scooter in its intended and/or reasonably foreseeable manner when it abruptly malfunctioned and caused plaintiff to fall unexpectedly, causing his severe personal injuries.

11.    Prior to the Subject Incident, defendants Segway Powersports, Amazon defendants, and DOES 1 through 50, inclusive, sold hundreds of substantially similar products as the Subject Scooter to consumers, including plaintiff.

12.    Defendant Segway Powersports and DOES 1 through 25, inclusive, was, at all relevant times, a third party seller and operating on Amazon defendants' website.

13.    All third party sellers, including defendant Segway Powersports, operate under the Amazon Services Business Solutions Agreement (BSA). Amazon defendants and DOES 26 through 50, inclusive, furthermore, provide payment processing for defendant Segway Powersports as the third party seller. Defendant Segway Powersports and Amazon defendants distribute the products in the United States, including the Subject Scooter to plaintiff. Amazon defendants also control all communications between the seller, defendant Segway Powersports, and the buyer, plaintiff. Amazon defendants collect a percentage of the sale price for products sold and distributed, including the Subject Scooter.

3

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

14. Defendants Segway Powersports, Amazon defendants, and DOES 1 through 50, inclusive, designed, manufactured, tested, marketed, distributed, and/or sold Segway Ninebot Max G30P KickScooter products, including the Subject Scooter, which are dangerous and defective in that they have a folding mechanism that can unexpectedly fail and cause the handlebars to fold and collapse during intended and/or reasonably foreseeable use, fail to contain appropriate warnings or instructions, and fail to adequately protect consumers, including plaintiff, from the associated dangers.

15. Defendants Segway Powersports, Amazon defendants, and DOES 1 through 50, inclusive, failed to warn consumers, intended users and reasonable foreseeable users, including plaintiff, of the non-obvious hidden dangers inherent in the defective Subject Scooter.

16. The Subject Scooter did not contain any warnings that its folding mechanism can unexpectedly fail and cause the handlebars to fold and collapse during intended and/or reasonably foreseeable use, posing an extreme fall hazard to users operating the scooters that could cause life-altering injuries or death.

17. Because the Subject Scooter was sold without any warnings relative to these dangers, plaintiff was unaware that the Subject Scooter was unsafe to be used, that its folding mechanism could unexpectedly fail and cause the handlebars to fold and collapse during intended and/or reasonably foreseeable use, and that the Subject Scooter should not be used in its intended and/or reasonably foreseeable manner.

18. Given the fact that the Subject Scooter was sold as a personal transportation device and the lack of warnings regarding the extreme danger that its folding mechanism could unexpectedly fail during intended and/or reasonably foreseeable use, it was entirely foreseeable that the Subject Scooter's folding mechanism would fail during regular use and cause the handlebars to fold and collapse, exactly as what occurred during the Subject Incident.

19. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, defendants Segway Powersports, Amazon defendants, and DOES 1 through 50, inclusive, failed to utilize available safety mechanisms and protective devices to prevent the Subject Incident's occurrence.

4

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PARTIES**

20.     Plaintiff Marouane Lamharzi Alaoui suffered serious injuries resulting from the defective Subject Scooter and resulting Subject Incident. At all times relevant and mentioned herein, plaintiff Marouane Lamharzi Alaoui was, and is, a resident of Upland, San Bernardino County, California.

21.     Plaintiff is informed and believes, and thereupon alleges, that defendant Segway Powersports, Inc. is, and at all times herein relevant was, a Delaware corporation with a principal place of business of 415A Interchange Street, McKinney, Texas 75071. Segway Powersports, Inc. is authorized to do, has regularly done, and is doing, business in the State of California, and has systematically conducted business on a regular basis in the State of California, under and by virtue of the laws of the State of California. Segway Powersports, Inc. may be served with process through its registered agents at 1505 Corporation, CT Corporation System, 330 N. Brand Blvd., Glendale, California 91203.

22.     Plaintiff is informed and believes, and thereupon alleges, that defendant Amazon.com Sales, Inc., dba Amazon.com, is, and at all times herein relevant was, a Delaware corporation with a principal place of business of 410 Terry Avenue North, Seattle, Washington 98108. Amazon.com Sales, Inc., dba Amazon.com is authorized to do, has regularly done, and is doing, business in the State of California, and has systematically conducted business on a regular basis in the State of California, under and by virtue of the laws of the State of California. Amazon.com Sales, Inc., dba Amazon.com may be served with process through its registered agents at 2710 Gateway Oaks Drive, Sacramento, California.

23.     Plaintiff is informed and believes, and thereupon alleges, that defendant Amazon.com Services, LLC, is, and at all times herein relevant was, a Delaware corporation with a principal place of business of 410 Terry Avenue North, Seattle, Washington 98108. Amazon.com Services, LLC is authorized to do, has regularly done, and is doing, business in the State of California, and has systematically conducted business on a regular basis in the State of California, under and by virtue of the laws of the State of California. Amazon.com Services, LLC may be served with process through its registered agents at 2710 Gateway Oaks Drive,

PANISH|SHEA|RAVIPUDI|ᴸᴸᴾ

5

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Sacramento, California.

24. Plaintiff is informed and believes, and thereupon alleges, that defendant Amazon Logistics, Inc., is, and at all times herein relevant was, a Delaware corporation with a principal place of business of 410 Terry Avenue North, Seattle, Washington 98108. Amazon Logistics, Inc. is authorized to do, has regularly done, and is doing, business in the State of California, and has systematically conducted business on a regular basis in the State of California, under and by virtue of the laws of the State of California. Amazon Logistics, Inc. may be served with process through its registered agents at 2710 Gateway Oaks Drive, Sacramento, California.

25. Together with DOES 26 through 50, inclusive, Amazon.com Sales, Inc., dba Amazon.com; Amazon.com Services, LLC; and Amazon Logistics, Inc.; are collectively referred to as "Amazon" or "Amazon defendants".

26. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants are unknown to plaintiff. Plaintiff is informed, believes, and thereon alleges, that each of the defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally, and proximately caused the hereinafter described injuries and damages to plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained.

27. Plaintiff is informed, believes, and thereon alleges, that at all times mentioned herein, defendants and DOES 1 through 50, inclusive, and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant, employee, successor-in-interest, and/or joint venturer.

6

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

*Amazon Defendants' Control Over Defendant Segway Powersports and DOES 1 through 25*

28. Amazon is the world's largest online retailer. In 2019 alone – before the surge in online shopping as a result of the pandemic – Amazon caused to be delivered more than 2.5 billion packages in the United States. In 2022, Amazon's package delivery volume in the United States more than double, to 5.2 billion packages.

29. As part of its online business, Amazon places themselves squarely between the customer and the third party seller. Products from third party sellers, including defendant Segway Powersports, are placed on Amazon's website for potential customers to review.

30. When buyers, such as plaintiff, purchase a product from Amazon's website, Amazon processes the payment. Amazon then transmits the order to the third party seller. Amazon remits the payment to the third party seller after deducting its fee, including a referral fee that is based on the total sale price. Amazon defendants collect a percentage of the sale price for third party sellers products sold on Amazon, including the Subject Scooter.

31. After the product is purchased and until delivery, Amazon controls all communications between the seller, defendants Segway Powersports and DOES 1 through 25, inclusive, and the buyer, plaintiff.

32. Amazon also has a substantial ability to influence the manufacturing and distribution process. Specifically, Amazon reserves the right of control on its website and listings. In addition, under the BSA, Amazon has the sole discretion to refuse to process or cancel any transactions. Amazon has the ability to require safety certification, indemnification, and insurance before it agrees to list any product on its website. All third party sellers, including defendant Segway Powersports, operate under the Amazon Services Business Solutions Agreement (BSA). The BSA allows Amazon to require certification of products it lists from the Underwriter's Laboratories and establishes standards for manufacturing practices.

33. Plaintiff is informed and believes that the above factors are only a portion of the many ways in which Amazon defendants and DOES 26 through 50, inclusive, exerts control over third party sellers, including defendants Segway Powersports and DOES 1 through 25, inclusive.

7

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**FIRST CAUSE OF ACTION**

**(Strict Product Liability by Plaintiff Marouane Lamharzi Alaoui As Against All Defendants Segway Powersports, Inc.; Amazon.com Services., Inc., dba Amazon.com; Amazon.com Services, LLC; Amazon Logistics, Inc.; and DOES 1 through 50, Inclusive)**

34.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

35.    Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, defendants and DOES 1 through 50, inclusive, and each of them, designed, developed, tested, manufactured, fabricated, assembled distributed, bought, sold, inspected, serviced, repaired, maintained, marketed, warranted, supplied, modified, placed, and/or provided the Subject Scooter, which was used by plaintiff.

36.    Plaintiff is informed, believes, and thereupon alleges, that the Subject Scooter was defective when placed on the market by defendants and DOES 1 through 50, inclusive, and each of them.  Defendants and DOES 1 through 50, inclusive, and each of them knew that the defective Subject Scooter had dangerous features, characteristics, operating instructions, and propensities, and were of such a nature that the defects would not be discovered in the normal course of inspection and operation by users thereof.  As described in detail herein, defendants and DOES 1 through 50, inclusive, had notice of the substantial danger and risks associated with the Subject Scooter, including that its folding mechanism could unexpectedly fail during intended and/or reasonably foreseeable use and cause the handlebars to fold and collapse.

37.    Defendants and DOES 1 through 50, inclusive, owed a duty to warn consumers about the risks of the Subject Scooter because they knew or should have known that the product involved risk of harm when used for its intended or expected purpose, as well as any reasonably foreseeable use.

38.    At all times relevant, defendants and DOES 1 through 50, inclusive, knew or should have known that foreseeable and intended use of the Subject Scooter for any period of time increased the risk of the folding mechanism to unexpectedly fail and cause the handlebars to fold

8

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

and collapse – dangers that have been confirmed and known to defendants and DOES 1 through 50, inclusive.

39. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, the Subject Scooter was defective in design, testing, development, manufacture, fabrication, assembly, distribution, inspection, service, repair, maintenance, marketing, and/or modification, and the instructions and/or warnings pertaining to its use were defective and inadequate, in that the Subject Scooter, was capable of causing, and did cause, substantial personal injuries while being used in a reasonably foreseeable manner, thereby rendering the Subject Scooter, defective, unsafe, and dangerous for use by the users thereof for multiple reasons.

40. The dangerous nature of the Subject Scooter is not open and obvious to consumers, and defendants and DOES 1 through 50, inclusive, had no reason to believe consumers, including plaintiff, would have realized the Subject Scooter's dangerous nature.

41. As such, defendants and DOES 1 through 50, inclusive, failed to properly and adequately warn and instruct plaintiff as to the risks of the Subject Scooter, especially that the Subject Scooter was dangerous and not suitable for use due to the substantial risk of the folding mechanism to unexpectedly fail during regular and foreseeable use.

42. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, that the Subject Scooter had potential risks that were known and/or knowable in light of the scientific and medical knowledge that was generally accepted in the scientific community at the time of the manufacture, distribution, and sale of the Subject Scooter.

43. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, that the Subject Scooter did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended or reasonably foreseeable way.

44. Had plaintiff been warned that the use of the Subject Scooter had a significant risk of the folding mechanism unexpectedly failing and causing the handlebars to fold and collapse, he would not have used it.

45. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, defendants and DOES 1 through 50, inclusive, and each of them, knew that the Subject

9

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Scooter was dangerous for use, yet they still negligently allowed it to be placed into the stream of commerce. As a result of said conduct, the Subject Scooter was not appropriate for use and the purposes for which it was intended, and it was likely to injure or kill people. Furthermore, the unreasonable and dangerous conditions created by the conduct of defendants and DOES 1 through 50, inclusive, and each of them, were not made known to plaintiff and no warnings and/or inadequate warnings were provided by defendants and DOES 1 through 50, inclusive.

46. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, defendants and DOES 1 through 50, inclusive, failed to utilize available reasonable alternatives to prevent the unexpected failure of the folding mechanism and defective nature of the Subject Scooter.

47. Defendants and DOES 1 through 50, inclusive, knew or should have known that consumers, including plaintiff, would reasonably rely on defendants and DOES 1 through 50, inclusive, to warn them of the dangers posed by the Subject Scooter.

48. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, the ordinary consumer, including plaintiff, would not have recognized the potential risks of the Subject Scooter.

49. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, defendants and DOES 1 through 50, inclusive, failed to adequately warn potential users, including plaintiff, of the potential risks of using the Subject Scooter.

50. Defendants and DOES 1 through 50, inclusive, knew or should have known that the Subject Scooter was unreasonably dangerous because it lacked proper warnings and yet defendants and DOES 1 through 50, inclusive, continued to design, manufacture, sell, distribute, market, promote, and supply the Subject Scooter, so as to maximize sales and profits at the expense of its users' health and safety, including plaintiff.

51. Defendants and DOES 1 through 50, inclusive, anticipated and expected that the Subject Scooter would reach consumers, including plaintiff, without change from its original manufactured condition, and the Subject Scooter did in fact reach plaintiff without change from its original manufactured condition.

10

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

52.     At all times relevant times hereto, plaintiff used the Subject Scooter in a manner intended or expected, recommended, promoted, and marketed by defendants and DOES 1 through 50, inclusive.

53.     Even when used in a reasonably foreseeable or intended manner, the Subject Scooter was unreasonably dangerous because its use carried with it the significantly high risk and likelihood of the folding mechanism unexpectedly failing and causing the handlebars to fold and collapse, dangers that have been confirmed and known to defendants and DOES 1 through 50, inclusive.

54.     The defects described herein was a substantial factor and the legal and proximate cause of the injuries, damages, and pain suffered by plaintiff in the Subject Incident as complained herein.

55.     As a legal, direct, and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff was injured in his health, strength and activity, sustaining injury to his body, and shock and injury to his person, all of which have caused and continue to cause plaintiff great physical, mental, and emotional pain and suffering.  Plaintiff is further informed, believes, and thereon alleges that said injuries will result in permanent disability, all to his general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

56.     As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

57.     As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

58.     As a legal, direct and proximate result of the above-mentioned conduct of each and

11

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

PANISH | SHEA | RAVIPUDI LLP

every defendant named above, plaintiff will be prevented from attending to an occupation for an indefinite period of time in the future, and thereby will sustain a loss of earning capacity, in addition to lost future earnings, the exact amount of such losses will be stated according to proof pursuant to California Code of Civil Procedure section 425.10.

59. As a direct and proximate result of the defective nature of the Subject Scooter, as well as the conduct of defendants and DOES 1 through 50, inclusive, plaintiff suffered property damages, the exact amount of such losses to be stated according to proof.

## SECOND CAUSE OF ACTION

**(Negligence - Product Liability by Plaintiff Marouane Lamharzi Alaoui As Against All Defendants Segway Powersports, Inc.; Amazon.com Services., Inc., dba Amazon.com; Amazon.com Services, LLC; Amazon Logistics, Inc.; and DOES 1 through 50, Inclusive)**

60. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

61. Plaintiff is informed, believes, and thereupon alleges, that at all times herein mentioned, defendants and DOES 1 through 50, inclusive, and each of them, designed, developed, tested, manufactured, fabricated, assembled distributed, bought, sold, inspected, serviced, repaired, maintained, marketed, warranted, supplied, modified, placed, and/or provided the Subject Scooter, which was used by plaintiff.

62. Defendants and DOES 1 through 50 have a duty to exercise ordinary care and safely design, develop, test, manufacture, fabricate, assemble, distribute, buy, sell, inspect, service, repair, maintain, market, warrant, supply, modify, place, and/or provide the Subject Scooter, which was used by plaintiff.

63. Defendants and DOES 1 through 50 were negligent in designing, developing, testing, manufacturing, fabricating, assembling, distributing, buying, selling, inspecting, servicing, repairing, maintaining, marketing, warranting, supplying, modifying placing, and/or providing the Subject Scooter in the following ways:

a. Failing to use reasonable and proper care in designing, developing,

12

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

manufacturing, and distributing the Subject Scooter to avoid the aforementioned risks of serious bodily injury to individuals, such as plaintiff;

b. Designing and manufacturing the Subject Scooter to have a folding mechanism that could unexpectedly fail during intended and/or reasonably foreseeable use and cause the handlebars to fold and collapse;

c. Designing the Subject Scooter in a fashion, which was not, and is not, safe for general use;

d. Failing to use reasonable and proper care in designing and manufacturing the Subject Scooter in a way such that the folding mechanism could unexpectedly fail during regular and/or foreseeable use;

e. Designing the Subject Scooter in a fashion, which did not, and does not, comport with existing standards and literature on safety;

f. Failing to properly determine the adequacy and effectiveness of safety measures, if any, included in the design of the Subject Scooter prior to releasing the Subject Scooter for consumer use;

g. Failing to warn plaintiff of the hazards associated with the regular use of the Subject Scooter due to the high risk that the folding mechanism could unexpectedly fail during regular and/or foreseeable use;

h. Failing to remove the Subject Scooter from the market when defendants and DOES 1 through 50 knew or should have known that it was defective and/or unsafe;

i. Marketing and labeling the Subject Scooter as safe for use, despite knowledge to the contrary; and

j. Failing to act as would a reasonably prudent company under similar circumstances.

64. The defects described herein was a substantial factor and the legal and proximate cause of the Subject Incident and the injuries, damages, and pain suffered by plaintiff as

13

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

complained herein.

65.    Defendants and DOES 1 through 50 knew or should have known that the Subject Scooter's design was unreasonably dangerous when used for its intended purpose, and yet defendants and DOES 1 through 50 continued to manufacture, sell distribute, market, and promote it, with disregard for the foreseeable harm to the consuming public, including plaintiff.

66.    Defendants and DOES 1 through 50 knew that the Subject Scooter was dangerous, yet they still negligently allowed it to be placed into the stream of commerce. As a result of said conduct, the Subject Scooter was not appropriate for general usage and the purposes for which it was intended, and it was likely to injure or kill. Furthermore, the unreasonable and dangerous conditions created by the conduct of the defendants and DOES 1 through 50, inclusive, and each of them, were not made known to plaintiff and no warnings and/or inadequate warnings were provided by defendants and DOES 1 through 50.

67.    Defendants and DOES 1 through 50 anticipated and expected that the Subject Scooter would reach consumers, including plaintiff, without change from its original manufactured condition, and the Subject Scooter did in fact reach plaintiff without change from its original manufactured condition.

68.    At all times relevant times hereto, plaintiff used the Subject Scooter in a manner intended or expected, recommended, promoted, and marketed by defendants and DOES 1 through 50.

69.    Even when used in a reasonably foreseeable or intended manner, the Subject Scooter was unreasonably dangerous because its use carried with it the significantly high risk of the folding mechanism unexpectedly failing and causing the handlebars to fold and collapse, dangers that have been confirmed and known to defendants and DOES 1 through 50, inclusive.

70.    The defects described herein was a substantial factor and the legal and proximate cause of the injuries, damages, and pain suffered by plaintiff in the Subject Incident as complained herein.

71.    As a legal, direct, and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff was injured in his health, strength and activity, sustaining

14

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

injury to his body, and shock and injury to his person, all of which have caused and continue to cause plaintiff great physical, mental, and emotional pain and suffering. Plaintiff is further informed, believes, and thereon alleges that said injuries will result in permanent disability, all to his general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

72. As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

73. As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

74. As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff will be prevented from attending to an occupation for an indefinite period of time in the future, and thereby will sustain a loss of earning capacity, in addition to lost future earnings, the exact amount of such losses will be stated according to proof pursuant to California Code of Civil Procedure section 425.10.

75. As a direct and proximate result of the defective nature of the Subject Scooter, as well as the conduct of defendants and DOES 1 through 50, inclusive, plaintiff suffered property damages, the exact amount of such losses to be stated according to proof.

///
///
///
///
///
///

15

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## THIRD CAUSE OF ACTION

(Breach of Express and Implied Warranties by Plaintiff Marouane Lamharzi Alaoui As Against All Defendants Segway Powersports, Inc.; Amazon.com Services., Inc., dba Amazon.com; Amazon.com Services, LLC; Amazon Logistics, Inc.; and DOES 1 through 50, Inclusive)

76. Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

77. At the time defendants and DOES 1 through 50 manufactured, marketed, labeled, promoted, distributed, and/or sold the Subject Scooter, defendants and DOES 1 through 50 knew of the uses for which the Subject Scooter was intended, and they impliedly warranted the Subject Scooter to be of merchantable quality and safe for such use.

78. Defendants and DOES 1 through 50 knew or had reason to know that plaintiff and the consuming public were relying upon their skill and judgment to select or provide a product that was suitable and safe. Particularly, since defendants and DOES 1 through 50 held themselves out as having special knowledge and skill regarding personal transportation devices and scooters, including the Subject Scooter.

79. Plaintiff justifiably relied upon defendants and DOES 1 through 50's skill and judgment.

80. Through marketing, advertisements, and labels, defendants and DOES 1 through 50 expressly warranted to plaintiff and others that the Subject Scooter was safe and effective for reasonably anticipated uses.

81. Defendants and DOES 1 through 50 breached their implied warranties of merchantability because the Subject Scooter was never a suitable for any use and never fit for the ordinary purposes for which it was intended.

82. Defendants and DOES 1 through 50 breached their implied warranties of fitness because the Subject Scooter was not of a quality generally acceptable in trade.

83. Defendants and DOES 1 through 50 breached their implied warranties of fitness because the Subject Scooter's performance did not fulfill the promises of safety implied by the

16

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

packaging, container, and label.

84.    The Subject Scooter also did not conform to the express representations because it caused severe injuries when used by plaintiff in a regular and reasonably foreseeable manner.

85.    At the time of sale of the Subject Scooter, defendants and DOES 1 through 50 knew, or should have known, or were reckless in not knowing, that the Subject Scooter was defective and was an unsafe for use.  Nonetheless, defendants and DOES 1 through 50 provided no warning regarding the danger the Subject Scooter posed to its users and defendants and DOES 1 through 50 continued to manufacture, market, advertise, distribute, and sell the Subject Scooter for use.  Defendants and DOES 1 through 50 breached their express warranties because the Subject Scooter was never a suitable product for use.

86.    The failure of the Subject Scooter to have the expected quality, as described herein, was a substantial factor and the legal and proximate cause of the Subject Incident and resulting injuries, damages, and pain suffered by plaintiff as complained herein.

87.    Defendants and DOES 1 through 50's failure to represent the hazardous and dangerous nature of the Subject Scooter, as described herein, was a substantial factor and the legal and proximate cause of the Subject Incident and resulting injuries, damages, and pain suffered by plaintiff as complained herein.

88.    As a legal, direct, and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff was injured in his health, strength and activity, sustaining injury to his body, and shock and injury to his person, all of which have caused and continue to cause plaintiff great physical, mental, and emotional pain and suffering.  Plaintiff is further informed, believes, and thereon alleges that said injuries will result in permanent disability, all to his general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

89.    As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, the exact amount of which expenses will be stated according

17

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

to proof, pursuant to California Code of Civil Procedure section 425.10.

90.    As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

91.    As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff will be prevented from attending to an occupation for an indefinite period of time in the future, and thereby will sustain a loss of earning capacity, in addition to lost future earnings, the exact amount of such losses will be stated according to proof pursuant to California Code of Civil Procedure section 425.10.

92.    As a direct and proximate result of the defective nature of the Subject Scooter, as well as the conduct of defendants and DOES 1 through 50, inclusive, plaintiff suffered property damages, the exact amount of such losses to be stated according to proof.

## FOURTH CAUSE OF ACTION

**(Negligence – Failure to Recall/Retrofit by Plaintiff Marouane Lamharzi Alaoui As Against All Defendants Segway Powersports, Inc.; Amazon.com Services., Inc., dba Amazon.com; Amazon.com Services, LLC; Amazon Logistics, Inc.; and DOES 1 through 50, Inclusive)**

93.    Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

94.    Prior to, on, and after the Subject Incident, defendants and DOES 1 through 50, and each of them, designed, manufactured, sold, and marketed the Subject Scooter for use by consumers, such as plaintiff, in the United States.

95.    Prior to the Subject Incident, defendants and DOES 1 through 50, and each of them, knew or reasonably should have known that the Subject Scooter and its warnings were dangerous or were likely to be dangerous when used in a reasonably foreseeable manner.

96.    Prior to the Subject Incident, defendants and DOES 1 through 50, and each of them, became aware of the defects of the Subject Scooter, including but not limited to the Subject

18

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Scooter's folding mechanism that can unexpectedly fail and cause the handlebars to fold and collapse while the scooter is being used in its intended and/or reasonably foreseeable manner, posing an extreme fall hazard to users operating the scooter.

97. Prior to the Subject Incident, defendants and DOES 1 through 50, and each of them, became aware of the defects of the Subject Scooter, including but not limited to the proclivity of the Subject Scooter to cause severe injuries of users who used the product in an intended or reasonably foreseeable manner.

98. Defendants and DOES 1 through 50, and each of them, failed to recall, retrofit, or warn consumers, including plaintiff, about the danger(s) of the Subject Scooter prior to and leading up to the Subject Incident.

99. In light of the severity and amount of the complaints transmitted to defendants and DOES 1 through 50, and each of them, and the additional available data, reasonable manufacturers and distributors under the same or similar circumstances would have recalled or retrofitted the Subject Scooter prior to the date of the Subject Incident, and would thereby have avoided and prevented harm to scores of consumers, including plaintiff.

100. As a direct and proximate result of the above-referenced negligent failure to recall or retrofit, plaintiff suffered the injuries described herein.

101. The negligent failure of defendants and DOES 1 through 50, and each of them, to recall or retrofit the Subject Scooter, and/or their failure to furnish timely and adequate warnings, was a substantial factor in causing plaintiff's injuries and damages as described herein.

102. As a legal, direct, and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff was injured in his health, strength and activity, sustaining injury to his body, and shock and injury to his person, all of which have caused and continue to cause plaintiff great physical, mental, and emotional pain and suffering. Plaintiff is further informed, believes, and thereon alleges that said injuries will result in permanent disability, all to his general damage in an amount which will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

103. As a legal, direct and proximate result of the above-mentioned conduct of each and

19

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

every defendant named above, plaintiff was compelled to and did employ the services of hospitals, physicians, surgeons, nurses and the like, to care for and treat her, and did incur hospital, medical, professional and incidental expenses, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

104.    As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff will necessarily incur additional like expenses for an indefinite period of time in the future, the exact amount of which expenses will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

105.    As a legal, direct and proximate result of the above-mentioned conduct of each and every defendant named above, plaintiff will be prevented from attending to an occupation for an indefinite period of time in the future, and thereby will sustain a loss of earning capacity, in addition to lost future earnings, the exact amount of such losses will be stated according to proof pursuant to California Code of Civil Procedure section 425.10.

106.    As a direct and proximate result of the defective nature of the Subject Scooter, as well as the conduct of defendants and DOES 1 through 50, inclusive, plaintiff suffered property damages, the exact amount of such losses to be stated according to proof.

///

///

///

///

///

///

///

///

///

///

///

///

20

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Marouane Lamharzi Alaoui, prays for judgment against defendants Segway Powersports, Inc.; Amazon.com Sales, Inc., dba Amazon.com; Amazon.com Services, LLC; Amazon Logistics, Inc.; and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For past and future general damages in an amount in excess of the jurisdictional minimum, according to proof;

2.    For economic damages related to loss of future earnings, lost earning capacity, and loss of financial support in an amount in excess of the jurisdictional minimum, according to proof;

3.    For past and future hospital, medical, professional, and incidental expenses, in an amount in excess of the jurisdictional minimum, according to proof;

4.    For damages for plaintiff's other economic losses, in an amount in excess of the jurisdictional minimum, according to proof;

5.    For emotional distress damages;

6.    For fees and costs of suit incurred, including attorney fees herein;

7.    For pre-judgment and post-judgment interest, according to proof; and

8.    For such further relief as the Court may deem just and proper.

DATED: May 20, 2025            PANISH | SHEA | RAVIPUDI LLP

By:    _____
Adam K. Shea
Nicholas W. Yoka
Jordan Phillips
Attorneys for Plaintiff

PANISH | SHEA | RAVIPUDI LLP

21

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR TRIAL BY JURY

Plaintiff Marouane Lamharzi Alaoui demands trial by jury against all defendants as to all causes of action and forms of relief.

DATED: May 20, 2025                    PANISH | SHEA | RAVIPUDI LLP

By: _____

Adam K. Shea
Nicholas W. Yoka
Jordan Phillips
Attorneys for Plaintiff

22

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# Exhibit 2

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVRS2503739)**                                           07/02/2025 11:54:32

---

## CIVRS2503739

ALAOUI
-v-
SEGWAY POWERSPORTS, INC. et al

## Case Information

| | |
|---|---|
| **Case Type:** | Product Liability Unlimited |
| **Case Number:** | CIVRS2503739 |
| **Citation Number:** | |
| **Filing Date:** | 5/20/2025 |
| **Case Status:** | Active |
| **Court Location:** | Rancho Cucamonga |
| **Judicial Officer:** | . TBD |
| **Next Hearing:** | 12/1/2025 9:00AM Dept R14 - Rancho Cucamonga |

## Case Flags

| |
|---|
| |

## Demographic Information

| | |
|---|---|
| **Date of Birth** | |
| **Race:** | |
| **Sex:** | |
| **Height:** | #Error |
| **Weight:** | |
| **Hair Color:** | |
| **Eye Color:** | |
| **DL #:** | |
| **FBI #:** | |
| **State ID:** | |

## Address

| | |
|---|---|
| **Street Name:** | |
| **City:** | |
| **State:** | |
| **Zip:** | |

## Alias(s) / Nickname(s)

| |
|---|
| |

1 of 4

37

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVRS2503739)**                                  07/02/2025 11:54:32

## Cross Reference

|  |  |
|--|--|
|  |  |

## Parties

| Type | Name | Status |
|------|------|--------|
| Plaintiff | ALAOUI, MAROUANE LAMHARZI | Active |
| Defendant | SEGWAY POWERSPORTS, INC.<br>*A DELAWARE CORPORATION* | Active |
| Defendant | AMAZON.COM SALES, INC.<br>*A DELAWARE CORPORATION*<br>*AMAZON.COM* | Active |
| Defendant | AMAZON.COM SERVICES LLC<br>*A DELAWARE CORPORATION*<br>*A DELAWARE LIMITED LIABILITY COMPANY* | Active |
| Defendant | AMAZON LOGISTICS, INC.<br>*A DELAWARE CORPORATION* | Active |
| Defendant | DOES 1 through 50, inclusive | Active |

## Attorneys

| Representing | Name |
|--------------|------|
| MAROUANE LAMHARZI ALAOUI | **Panish Shea Ravipudi LLP** |

2 of 4

# Court Access Portal
## Superior Court of  California - County of San Bernardino

**Case Summary (CIVRS2503739)**                                          07/02/2025 11:54:32

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 6/16/2025 | Proof of Personal Service of Summons & Cmplt filed | MAROUANE ALAOUI |
| 6/16/2025 | Proof of Personal Service of Summons & Cmplt filed | MAROUANE ALAOUI |
| 6/16/2025 | Proof of Personal Service of Summons & Cmplt filed | MAROUANE ALAOUI |
| 6/16/2025 | Proof of Personal Service of Summons & Cmplt filed | MAROUANE ALAOUI |
| 6/4/2025 | Notice of Advanced Jury Fees Posted Filed | MAROUANE ALAOUI |
| 5/29/2025 | Notice of Hearing Sent | |
| 5/29/2025 | Conformed Copies in the Attorney Bin - No Envelope Provided | |
| **Comment:** | Nationwide Legal | |
| 5/29/2025 | Notice of Hearing Sent | |
| 5/29/2025 | Summons Issued on | |
| 5/20/2025 | Civil Case Cover Sheet Filed | |
| 5/20/2025 | Complaint Filed | MAROUANE ALAOUI |
| 5/20/2025 | Certificate of Assignment Received | |
| 5/20/2025 | Jurisdiction Verified | |
| **Comment:** | Upland, Ca 91786 | |

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department R14 - Rancho Cucamonga | Raphael, Tony | Reported or Recorded, Not | Trial Setting Conference | 12/1/2025 | 9:00AM | |

3 of 4

# Court Access Portal

**Superior Court of  California - County of San Bernardino**

**Case Summary (CIVRS2503739)**                                    07/02/2025 11:54:32

## Charges Disposition & PLEAS

| Count | Date | Details | Citation # | Jurisdiction |
|-------|------|---------|------------|--------------|
|       |      |         |            |              |
|       | Plea: | -      |            |              |

## Financial Transactions

| Total |  | $585.00 | Total Balance: | $0.00 |
|-------|--|---------|----------------|-------|
| **Date** | **Charges** | **Payments** | **Credits** | |
| 5/29/2025 | $435.00 | $0.00 | $0.00 | |
| 5/29/2025 | $0.00 | $435.00 | $0.00 | |
| 6/4/2025 | $150.00 | $0.00 | $0.00 | |
| 6/4/2025 | $0.00 | $150.00 | $0.00 | |
| **Total** | **$585.00** | **$585.00** | **$0.00** | |

## Bonds

| Type | Description | Posted Date | Set Date | Amount |
|------|-------------|-------------|----------|--------|
|      |             |             |          |        |

## Related Cases

| Case Number | Case Type | Case SubType | Description | Comments |
|-------------|-----------|--------------|-------------|----------|
|             |           |              |             |          |

4 of 4



Exhibit 3

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Nicholas W. Yoka                    SBN: 314906<br>PANISH SHEA RAVIPUDI LLP<br>11111 Santa Monica Blvd., Suite 700, Los Angeles, CA 90025<br>TELEPHONE NO.: 310-477-1700          FAX NO.: 310-477-1699<br>EMAIL ADDRESS: nyoka@panish.law<br>ATTORNEY FOR (Name): MAROUANE LAMHARZI ALAOUI | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>MAY 20 2025<br><br>BY: Gaspar Ambriz Medina, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 8303 Haven Avenue
MAILING ADDRESS: 8303 Haven Avenue
CITY AND ZIP CODE: Rancho Cucamonga, 91730-4550
BRANCH NAME: Rancho Cucamonga District

CASE NAME: MAROUANE LAMHARZI ALAOUI v SEGWAY POWERSPORTS, INC., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited    [ ] Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $35,000)  $35,000 or less) | Complex Case Designation<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: CIVRS 2503739<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is    [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Four (4)
5. This case [ ] is    [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 05/15/2025

Nicholas W. Yoka
_____              ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

42



## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)--Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice--
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach--Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case--Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ--Administrative Mandamus
  Writ--Mandamus on Limited Court
    Case Matter
  Writ--Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal--Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

---

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

Westlaw Doc & Form Builder

43

# Exhibit 4

COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIVRS 2 5 0 3 7 3 9

MARQUANE LAMHARZI ALAOUI

Case No.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

SEGWAY POWERSPORTS, INC. et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Rancho Cucamonga _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

[X] General      [ ] Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20. Other Product liability | |
| [ ] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

|  |  | 300 Muir Ct. |
|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS |

| Upland | CA | 91786 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on May 15, 2025     at Los Angeles _____, California.

_____
Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

45



Exhibit 5

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. This document must be filed and served at least 15 days prior to the trial setting conference date.**

1.  Party or parties (answer one):
    a.  ☐ This statement is submitted by party (*name*):
    b.  ☐ This statement is submitted jointly by parties (*names*):

2.  Service of Complaint on all parties has ☐ has not ☐ been completed.

3.  Service of Cross-Complaint on all parties has ☐ has not ☐ been completed.

4.  Description of case in Complaint:

5.  Description of case in Cross-Complaint:

6.  Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7.  Do you agree to mediation?   Yes ☐   No ☐   Please check type agreed to: Private: _____   Court-sponsored: _____

8.  Related cases, consolidation, and coordination: Please attach a Notice of Related Case.

    ☐ A motion to   ☐ consolidate   ☐ Trial dates requested: Yes ☐   No ☐   Available dates: _____
    Time estimate: _____

9.  Other issues:
    ☐ The following additional matters are requested to be considered by the Court:

10. Meet and Confer:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____          _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY)

_____          _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY)

Form # 13-09001-360          INITIAL TRIAL SETTING CONFERENCE STATEMENT
Mandatory Form

47



Exhibit 6



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
Rancho Cucamonga District
8303 Haven Avenue
Rancho Cucamonga California  91730
www.sb-court.org
909-350-9764

| ALAOUI -v- SEGWAY POWERSPORTS, INC. et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVRS2503739 |

Panish Shea Ravipudi LLP
11111 Santa Monica Boulevard Suite 700
Los Angeles CA  90025

This case has been assigned to:  Tony Raphael in Department R14 - Rancho Cucamonga for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  12/1/2025 at 9:00 AM in Department R14 - Rancho Cucamonga

Date: 5/29/2025

By: _____
Gaspar Ambriz Medina, Deputy Clerk

**CERTIFICATE OF SERVICE**

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☒ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  5/29/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 5/29/2025 at Rancho Cucamonga, CA.

By: _____
Gaspar Ambriz Medina, Deputy Clerk

49

Exhibit 7

BY FAX    ORIGINAL

PANISH | SHEA | RAVIPUDI LLP

PANISH | SHEA | RAVIPUDI LLP
ADAM SHEA, State Bar No. 166800
 *shea@panish.law*
NICHOLAS W. YOKA, State Bar No. 314906
 *nyoka@panish.law*
JORDAN PHILLIPS, State Bar No. 351974
 *jphillips@panish.law*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

JUN 04 2025

BY: Gaspar Ambriz Medina, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO, RANCHO CUCAMONGA DISTRICT**

| | |
|---|---|
| MAROUANE LAMHARZI ALAOUI, an individual;<br><br>               Plaintiff,<br><br>     v.<br><br>SEGWAY POWERSPORTS, INC., a Delaware corporation; AMAZON.COM SALES, INC., dba AMAZON.COM, a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; AMAZON LOGISTICS, INC., a Delaware corporation; and DOES 1 through 50, inclusive;<br><br>               Defendants. | Case No. CIVRS2503739<br><br>**PLAINTIFF'S NOTICE OF POSTING JURY FEES**<br><br>Assigned for All Purposes to:<br>The Hon. Tony Raphael, Dept. R14<br><br>Action Filed:     May 20, 2025<br>Trial Date:       N/A |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE that plaintiff, MAROUANE LAMHARZI ALAOUI, hereby posts jury fees in the amount of $150.00 with the above referenced.

DATED: June 4, 2025                    PANISH | SHEA | RAVIPUDI LLP


                              By:  _____
                                   Nicholas W. Yoka
                                   Attorneys for Plaintiff

1
PLAINTIFF'S NOTICE OF POSTING JURY FEES

Exhibit 8

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Nicholas W Yoka,Esq \| SBN: 314906<br>PANISH \| SHEA \| RAVIPUDI LLP<br>11111 Santa Monica Blvd 700 Los Angeles, CA 90025<br><br>TELEPHONE NO.: (310) 477-1700 \| FAX NO. (310) 477-1699 \|E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiff: | **F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>JUN 16 2025<br><br>By _____<br>Brianna Rios, Deputy |

SAN BERNARDINO/RANCHO CUCAMONGA

STREET ADDRESS: 8303 N. HAVEN AVE.

CITY AND ZIP CODE: RANCHO CUCAMONGA, CA 91730

BRANCH NAME: RANCHO CUCAMONGA

| PLAINTIFF/PETITIONER: MAROUANE LAMHARZI ALAOUI, an individual<br>DEFENDANT/RESPONDENT: SEGWAY POWERSPORTS, INC., a Delaware corporation, et al. | CASE NUMBER:<br>CIVRS2503739 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>25040851879 |

BY FAX

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ Summons

   b. ☑ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-Complaint

   f. ☑ other *(specify documents):* CERTIFICATE OF ASSIGNMENT; INITIAL TRIAL CONFERENCE STATEMENT; NOTICE OF TRIAL SETTING CONFERENCE AND NOTICE OF CASE ASSIGNMENT

3. a. Party served *(specify name of party as shown on documents served):*
   **AMAZON.COM SERVICES, LLC, a Delaware limited liability company**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC Lawyers Incorporating Service, Registered Agent, By Serving Jae Hall - Authorized Agent**
   **Age: 30 \| Weight: 125 \| Hair: Black \| Sex: Female \| Height: 5'3 \| Eyes: Brown \| Race: African American**

4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/4/2025  (2) at *(time):* 1:35 PM

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/LA654549A |
|---|---|---|

| PETITIONER: MAROUANE LAMHARZI ALAOUI, an individual | CASE NUMBER: |
|---|---|
| RESPONDENT: SEGWAY POWERSPORTS, INC., a Delaware corporation, et al. | CIVRS2503739 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                 (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of **AMAZON.COM SERVICES, LLC, a Delaware limited liability company** under the following Code of Civil Procedure section:

        ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)

        ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

        ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

        ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)

                                     ☑ other: **Limited liability company**

7. **Person who served papers**

    a. Name: **Katlyn Ferry - Nationwide Legal, LLC REG: 12-234648**

    b. Address: **1609 James M Wood Blvd. Los Angeles, CA 90015**

    c. Telephone number: **(213) 249-9999**

    d. **The fee** for service was: **$ 102.40**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:

            (i) ☐ owner        ☐ employee     ☑ independent contractor.

            (ii) Registration No.: **2024-013**

            (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/4/2025**

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

**Katlyn Ferry**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)    ▶

POS-010 [Rev January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

POS-010/LA654549A

# Exhibit 9

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| Nicholas W Yoka,Esq | SBN: 314906<br>PANISH | SHEA | RAVIPUDI LLP<br>11111 Santa Monica Blvd  700 Los Angeles, CA 90025<br>TELEPHONE NO.: (310) 477-1700 | FAX NO. (310) 477-1699 | E-MAIL ADDRESS<br>ATTORNEY FOR (Name): Plaintiff: | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>JUN 16 2025<br><br>By _____<br>Brianna Rios, Deputy |

**SAN BERNARDINO/RANCHO CUCAMONGA**

STREET ADDRESS: 8303 N. HAVEN AVE.

CITY AND ZIP CODE: RANCHO CUCAMONGA, CA 91730

BRANCH NAME: RANCHO CUCAMONGA

| PLAINTIFF/PETITIONER: MAROUANE LAMHARZI ALAOUI, an individual<br>DEFENDANT/RESPONDENT: SEGWAY POWERSPORTS, INC., a Delaware corporation, et al. | CASE NUMBER:<br>CIVRS2503739 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>25040851879 |

**BY FAX**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):* **CERTIFICATE OF ASSIGNMENT; INITIAL TRIAL CONFERENCE STATEMENT; NOTICE OF TRIAL SETTING CONFERENCE AND NOTICE OF CASE ASSIGNMENT**
3. a. Party served *(specify name of party as shown on documents served):*
   **AMAZON LOGISTICS, INC., a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **CSC Lawyers Incorporating Service, Registered Agent, By Serving Jae Hall - Authorized Agent**
   **Age: 30 | Weight: 125 | Hair: Black | Sex: Female | Height: 5'3 | Eyes: Brown | Race: African American**
4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **6/4/2025**   (2) at *(time):* **1:35 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*     or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/LA654549B |
|---|---|---|

56

| | |
|---|---|
| PETITIONER: MAROUANE LAMHARZI ALAOUI, an individual | CASE NUMBER: |
| RESPONDENT: SEGWAY POWERSPORTS, INC., a Delaware corporation, et al. | CIVRS2503739 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                   (2) *from (city):*

   (3)☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

   (4)☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **AMAZON LOGISTICS, INC., a Delaware corporation**
under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) | |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) | |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) | |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) | |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) | |
| | ☐ other: | |

7. **Person who served papers**
a. Name: **Katlyn Ferry - Nationwide Legal, LLC REG: 12-234648**
b. Address: **1609 James M Wood Blvd.  Los Angeles, CA 90015**
c. Telephone number: **(213) 249-9999**
d. **The fee** for service was: **$ 102.40**
e. I am:

   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑ registered California process server:
      (i) ☐ owner     ☐ employee   ☑ independent contractor.
      (ii) Registration No.: **2024-013**
      (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/4/2025**

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

_____    ▶                          
      **Katlyn Ferry**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

Exhibit 10

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Nicholas W Yoka, Esq \| SBN: 314906<br>PANISH \| SHEA \| RAVIPUDI LLP<br>11111 Santa Monica Blvd 700 Los Angeles, CA 90025<br><br>TELEPHONE NO.: (310) 477-1700 \| FAX NO. (310) 477-1699 \| E-MAIL ADDRESS<br>ATTORNEY FOR *(Name)*: Plaintiff: | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>JUN 16 2025<br><br>By _Brianna Rios_<br>Brianna Rios, Deputy |

**SAN BERNARDINO/RANCHO CUCAMONGA**

STREET ADDRESS: 8303 N. HAVEN AVE.

CITY AND ZIP CODE: RANCHO CUCAMONGA, CA 91730

BRANCH NAME: RANCHO CUCAMONGA

PLAINTIFF/PETITIONER: MAROUANE LAMHARZI ALAOUI, an individual
DEFENDANT/RESPONDENT: SEGWAY POWERSPORTS, INC., a Delaware corporation, et al.

CASE NUMBER:
CIVRS2503739

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>25040851879 |
|---|---|

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross-Complaint
   - f. ☑ other *(specify documents)*: CERTIFICATE OF ASSIGNMENT; INITIAL TRIAL CONFERENCE STATEMENT; NOTICE OF TRIAL SETTING CONFERENCE AND NOTICE OF CASE ASSIGNMENT
3. a. Party served *(specify name of party as shown on documents served)*:
   **AMAZON.COM SALES, INC., dba AMAZON.COM, a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **CSC Lawyers Incorporating Service, Registered Agent, By Serving Jae Hall - Authorized Agent**
   **Age: 30 | Weight: 125 | Hair: Black | Sex: Female | Height: 5'3 | Eyes: Brown | Race: African American**
4. Address where the party was served:  **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **6/4/2025**    (2) at *(time)*: **1:35 PM**
   - b. ☐ **by substituted service.** On *(date)*:  at  *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:                    or ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/LA654549** |
|---|---|---|

| PETITIONER: MAROUANE LAMHARZI ALAOUI, an individual | CASE NUMBER: |
|---|---|
| RESPONDENT: SEGWAY POWERSPORTS, INC., a Delaware corporation, et al. | CIVRS2503739 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                            (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **AMAZON.COM SALES, INC., dba AMAZON.COM, a Delaware corporation**
under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)

   ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

   ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)

   ☐ 416.50 (public entity)             ☐ 415.46 (occupant)

                                       ☐ other:

7. **Person who served papers**
   a. Name: **Katlyn Ferry - Nationwide Legal, LLC REG: 12-234648**
   b. Address: **1609 James M Wood Blvd.  Los Angeles, CA 90015**
   c. Telephone number: **(213) 249-9999**
   d. **The fee** for service was: **$ 176.40**
   e. I am:

     (1) ☐ not a registered California process server.
     (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
     (3) ☑ registered California process server:
        (i) ☐ owner     ☐ employee    ☑ independent contractor.
        (ii) Registration No.: **2024-013**
        (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/4/2025**

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

                                ▶

           **Katlyn Ferry**
     (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# Exhibit 11

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Nicholas W Yoka,Esq | SBN: 314906<br>PANISH | SHEA | RAVIPUDI LLP<br>11111 Santa Monica Blvd  700 Los Angeles, CA 90025<br><br>TELEPHONE NO.: (310) 477-1700 | FAX NO. (310) 477-1699 | E-MAIL ADDRESS<br>ATTORNEY FOR *(Name):* Plaintiff: | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br><br>JUN 16 2025<br><br>By _Brianna Rios_ Deputy<br>Brianna Rios, Deputy |

SAN BERNARDINO/RANCHO CUCAMONGA

STREET ADDRESS: 8303 N. HAVEN AVE.

CITY AND ZIP CODE: RANCHO CUCAMONGA, CA 91730

BRANCH NAME: RANCHO CUCAMONGA

| PLAINTIFF/PETITIONER: MAROUANE LAMHARZI ALAOUI, an individual<br>DEFENDANT/RESPONDENT: SEGWAY POWERSPORTS, INC., a Delaware corporation, et al. | CASE NUMBER:<br>CIVRS2503739 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>25040851879 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   **BY FAX**

   a. ☑ Summons

   b. ☑ Complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet

   e. ☐ Cross-Complaint

   f. ☑ other *(specify documents):* **CERTIFICATE OF ASSIGNMENT; INITIAL TRIAL CONFERENCE STATEMENT; NOTICE OF TRIAL SETTING CONFERENCE AND NOTICE OF CASE ASSIGNMENT**

3. a. Party served *(specify name of party as shown on documents served):*

   **SEGWAY POWERSPORTS, INC., a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   **CT Corporation System, Registered Agent, by serving Jacqueline M. (Refused to Provide Last Name) - Authorized Agent**

   Age: 31-35 | Weight: 121-140 Lbs | Hair: Black | Sex: Female | Height: 5'1 - 5'6 | Eyes: Brown | Race: Latino

4. Address where the party was served:  **330 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2336**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **6/4/2025**   (2) at *(time):* **12:30 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*                    **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/LA654537** |
|---|---|---|

| PETITIONER: MAROUANE LAMHARZI ALAOUI, an individual | CASE NUMBER: |
|---|---|
| RESPONDENT: SEGWAY POWERSPORTS, INC., a Delaware corporation, et al. | CIVRS2503739 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                (2) *from (city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of **SEGWAY POWERSPORTS, INC., a Delaware corporation** under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                          ☐ other:

7. **Person who served papers**

    a. Name: **Dion Jones - Nationwide Legal, LLC REG: 12-234648**

    b. Address: **1609 James M Wood Blvd. Los Angeles, CA 90015**

    c. Telephone number: **(213) 249-9999**

    d. **The fee** for service was: **$ 157.00**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:
            (i) ☐ owner      ☐ employee    ☑ independent contractor.
            (ii) Registration No.: **2013128925**
            (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/6/2025**

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**
**(213) 249-9999**
**www.nationwideasap.com**

_____**Dion Jones**_____    ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 [Rev January 1, 2007]      **PROOF OF SERVICE OF SUMMONS**      Page 2 of 2
                                               POS-010/LA654537